UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington corporation,

Plaintiff,

v.

JDO MEDIA, INC., et al.,

Defendant(s).

NO. C04-0515P

ORDER GRANTING LEAVE TO AMEND PLAINTIFF'S AND DEFENDANT'S PLEADINGS RE: PLAINTIFF'S SUMMARY JUDGMENT MOTION.

This matter comes before the Court on Plaintiff's Washington Association of Internet Service Providers (WAISP) registry. Motion for Summary Judgment (Dkt. No. 55). In considering this motion, the Court has reviewed all materials submitted in support of and in response to the motion. Having considered all relevant materials, the Court finds that the Defendant's pleading does not constitute a valid defense to this motion because it is not supported by an affidavit or a statement containing a sworn signature. Further, the Court finds that an issue of material fact exists as to whether or not the Plaintiff can show Defendant's knowledge under Washington's Commercial Electronic Mail Act (CEMA).

BACKGROUND

Defendant Lampert and JDO Media created the 1Up Automated Program ("1Up Program"), a multi-level-marketing program that used commercial emails as one of its methods for recruiting new members. It is undisputed by the parties that Mr. Lampert came up with the idea for the 1Up Program

ORDER GIVING LEAVE TO AMEND PLEADINGS- 1

and shared the idea with his acquaintances. The 1Up Program promoted a "digital marketing system" that members would purchase and then use to send large numbers of emails advertising the program.

It is further undisputed that the 1Up Program centered around a flash movie that would be viewed over the Internet and advertised in emails. The movie was meant to generate interest and get prospects to contact JDO Media where they would be enticed to join the 1Up Program. Once members joined the 1Up Program, they had access to a variety of "tools" provided by JDO Media that aided them in marketing the program. The tools included 1) a list of between 10 and 15.5 million email addresses to which members would send emails advertising the program; 2) a list of "from" email addresses that members would use in the headers of their emails; 3) advertisements for the program; and 4) a list of proposed subject lines. The parties do not dispute that the tools and training materials were housed in a virtual "back office," primarily in files called CD1 and CD2, both of which were created by the Defendant.

ANALYSIS

I. Summary Judgment Standard

Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996). The underlying facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot

ORDER GIVING LEAVE TO AMEND PLEADINGS- 2

1 rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id.
2 at 324. However, courts have a duty to construe pro se pleadings liberally, including pro se motions
3 as well as complaints. Bernhardt v. County of Los Angeles, 339 F.3d 920, 925 (9th Cir., 2003).

4 II. Defendant's Pleadings Cannot be Accepted as a Defense

5     The Court cannot accept Defendant's pleadings as a Summary Judgement defense because no
6 affidavit or sworn statement were included with the pleadings. Verified pleadings and motions are
7 admissible to oppose Summary Judgment. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir.
8 1998); McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987). A pleading counts as "verified" if the
9 drafter states under penalty of perjury that the contents are true and correct. Schroeder v. McDonald,
10 55 F.3d 454, 460 n.10 (9th Cir. 1995) ( Jones v. Blanas, 393 F.3d 918, 923 (9th Cir., 2004).

11     A pro se litigant's pleadings should be liberally construed, and the litigant should be given leave
12 to amend with instructions as to curing the deficiency unless the defects cannot be cured by the
13 amendment. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1922). Therefore, the Court
14 gives the Defendant leave to amend his pleadings. In order to constitute a verified pleading, the
15 Defendant should submit to this Court a sworn affidavit or a signed statement attesting under penalty
16 of perjury that the contents of his motions or pleadings are true and correct. The Defendant may
17 submit this statement to the Court via fax at (206)370-8821, via electronic filing, or in person at the
18 Pretrial Conference to take place in Chambers on July 15 at 3:15PM. The Court observes the rapidly
19 approaching trial date in this matter and thus the statement must be received by July 18, 2005.

20 III. An Issue of Material Fact Exists as to Defendant's Knowledge

21     Likewise, the Court advises Plaintiffs that it would have to deny its motion as currently
22 supported. The Court finds that an issue of material fact exists as to Defendant's knowledge of the
23 email recipients' residency under the CEMA claim. While the federal statute definition of "domain
24 name" at 15 U.S.C. §7702(4) contemplates the use of domain name registries, CEMA does not. Under
25 CEMA, "a person knows that the intended recipient of a commercial electronic mail message is a

26 ORDER GIVING LEAVE TO AMEND PLEADINGS- 3

1  Washington resident if that information is available, upon request, from the registrant of the internet
2  domain name contained in the recipient's electronic mail address." RCW 19.190.020(1).  CEMA
3  limits the source of information regarding residency to the registrant of the internet domain name and
4  does not contemplate third party registries such as the Washington Association of Internet Service
5  Providers (WAISP) registry. Thus, the declaration of Angeline Lee is insufficient because it does not
6  include information from which the Court can conclude that by contacting Hotmail this information
7  would be available to the Defendant.
8       Therefore, the Plaintiff has not met its burden of proof by showing that this information was
9  available to Defendant from the Hotmail ISP.  Because the Court is granting Defendant Lampert leave
10 to amend his pleadings, the Court also grants the Plaintiff leave to amend its pleadings, as well.  The
11 Plaintiff's amended pleadings are due no later than the Pretrial Conference on July 15 and may be
12 submitted this statement to the Court via fax at (206)370-8821, via electronic filing, or in person at the
13 Pretrial Conference.

14                                        CONCLUSION

15   Having considered all relevant materials, the Court finds that the Defendant's factual
16 testimony is not supported in the form of a sworn affidavit or otherwise.  Further, the Court finds that
17 an issue of material fact exists as to whether or not the Plaintiff can show Defendant's knowledge
18 under Washington's Commercial Electronic Mail Act (CEMA).  Accordingly, the Court hereby gives
19 both parties leave to amend their pleadings to be in conformity with the Court's requests.
20
21      The clerk is directed to send copies of this order to all counsel of record.
22      Dated: July 13, 2005
23
24                                            /s/ Marsha J. Pechman
25                                          Marsha J. Pechman
26 ORDER GIVING LEAVE TO AMEND PLEADINGS- 4

United States District Court

ORDER GIVING LEAVE TO AMEND PLEADINGS- 5